[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested action for dissolution brought by the plaintiff husband, against the defendant wife, whose birth name was Deborah A. Delvalle, on the grounds of irretrievable breakdown.
The plaintiff husband and defendant wife were intermarried in College Point, New York on September 19, 1974 and both have been residents of the state of Connecticut for a number of years preceding this action. There have been two children born of the marriage, only one of which is still a minor, Tracy A. Glaeser, born on May 26, 1977.
After they were married the couple settled in Connecticut where plaintiff had resided and was employed by United Technologies Corporation (hereinafter "UTC"). After approximately three and one-half years of marriage, and the CT Page 5326 birth of two children, ages two and approximately five or six months, plaintiff was transferred to Belgium by UTC. At this time the marriage began to show signs of stress. The plaintiff began drinking and provided little or no emotional support for the defendant.
In March of 1980 the family flew back to the United States for a brief visit, at which time the defendant treated with a Dr. Essack in Manchester and was placed on medication for depression. Approximately one year later, on their annual visit to the United States in 1981, the defendant learned of her brother's death. She remained in the United States with the children while the plaintiff returned to Belgium for a few months before returning permanently. About thirteen months later defendant's younger sister passed away. She returned to Dr. Essack and was again placed on medication for depression.
In November of 1985 the plaintiff was transferred to the Southington, Connecticut plant by UTC. At that time, he met Diane Jones, a woman with whom he had an extramarital affair. By the following year, alcohol had become a significant problem. Defendant found it necessary to throw away liquor which she found in the home in order to prevent plaintiff from drinking excessively. The plaintiff would demean and belittle the defendant in public and in front of the children during this time. In 1988, as a result of some violent behavior on the part of the plaintiff, defendant was forced to call the Manchester police and the plaintiff was arrested for domestic violence. The court ordered marital counseling from December of 1988 to May of 1989. Although defendant wished plaintiff to continue counseling after that period, he refused to go back. Finally, in early 1990 plaintiff moved from the family home.
During the marriage the parties assumed traditional roles, i.e., the defendant stayed home and raised the children and the plaintiff worked. Generally, the plaintiff was in control of the finances and defendant had very little say in how the money was spent. Plaintiff did, however, consult defendant when major purchases were to be made or when large portions of savings were used to pay marital debts. CT Page 5327
Throughout the term of the marriage plaintiff has been employed by UTC. He is 48 years of age and has a Bachelor of Science degree in Engineering from City College of New York. His annual earnings with that company from the years 1990 through 1992 are in the following approximate amounts:
1990 — $68,500
1991 — $74,000
1992 — $77,700
He would have earned approximately $81,000 in 1993, but he was terminated by UTC on March 31, 1993 for allegedly harassing Diane Jones. The plaintiff has filed claim with the Connecticut Commission on Human Rights and Opportunities. That claim is still in the investigatory stages. Plaintiff is currently unemployed and his unemployment benefits had expired at time of trial. Plaintiff has been seeking employment since his termination and testified that he has interviewed with four companies since April of 1993. He is using the services of an executive search company, Haldane Associates Company. He has had no job offers to date but is hopeful that he will soon find work.
The defendant is 41 years of age and, other than her two bouts with depression, appears to be in good physical health. She has worked outside the home for brief periods of time, i.e., eight months for The Travelers Insurance Company at the onset of the marriage, part-time in a doctor's office from July 1983 to 1985, part-time from 1989 to 1990, which position became full time in June of 1991 and lasted until February of 1992 when she lost her job because of injuries suffered in an automobile accident. She is presently unemployed and is attending school at Manchester Community Technical College pursuing a course in job skills acquisition.
The marital assets acquired during the term of the marriage include a home at 124 Strawberry Lane in Manchester, Connecticut valued at $130,000 with $96,000 of equity, a building lot in Haverhill, New Hampshire valued CT Page 5328 at four to sixty-five hundred dollars, plaintiff's pension plan at UTC valued at $2,104.46 per month at age 65, but reduced to a value of $1,148.63 per month due to plaintiff's termination from UTC, and until some time in 1993 a UTC incentive savings plan account of $79,000. That account was completely depleted by the plaintiff partially to pay off marital credit card debts and partially to pay living expenses after his termination. Approximately $15,900 of that total amount was used for federal income tax, $9,000 was used for plaintiff's attorney's fees and $2,000 was used as a down payment on an automobile in January of 1990.
In arriving at the financial orders in this case, the court has considered all the criteria contained in §§ 46b-61, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes.
Accordingly, dissolution of the marriage shall enter on the grounds of irretrievable breakdown and the following orders shall enter:
 1. Custody of the minor child shall be in the plaintiff and defendant jointly with physical custody to the defendant and reasonable rights of visitation to the plaintiff.
 2. Plaintiff shall pay $200 child support per week for the minor child which shall be suspended until plaintiff becomes employed, with an arrearage accruing from date of judgment. Said arrearage, if any, shall be added to an arrearage of $1300 as of March 8, 1994, which accrued during the pendency of this action and shall be paid at a rate of $25 per week at the commencement of the child support payments.
 3. Plaintiff shall pay alimony to the defendant for a period of eight years in the amount of $150 per week until the minor child attains the age of 18, thereafter in the amount of $250. This shall be non-modifiable CT Page 5329 as to term and amount and shall terminate only upon the death of either party. The alimony payment is suspended until plaintiff becomes employed, with an arrearage accruing from the date of judgment. Said arrearage, if any, shall be added to an arrearage of $1950 as of March 8, 1994, which accrued during the pendency of this action and shall be paid at the rate of $25 per week when the alimony payment commences.
 4. Plaintiff shall inform defendant immediately upon securing employment.
 5. Plaintiff shall provide medical and dental insurance for the benefit of the minor child pursuant to § 46b-84c of the Connecticut General Statutes. All unreimbursed medicals shall be shared equally by the parties. Plaintiff shall also maintain medical and dental insurance for the benefit of the plaintiff until she becomes employed.
 6. Plaintiff shall maintain life insurance for the benefit of the minor child and the defendant in the face amount of $100,000 during the eight-year term plaintiff is obligated to pay alimony.
 7. The plaintiff shall quitclaim his interest in the family home located at 24 Strawberry Lane, Manchester, Connecticut, to the defendant. The defendant will hold him harmless and indemnify him from any claims arising from her ownership.
 8. The plaintiff shall quitclaim his interest in a lot known as Lot No. 28, Woodsville, in Haverhill, New Hampshire to the defendant. Defendant will hold plaintiff harmless land indemnify him from any claims arising from her ownership.
CT Page 5330
 9. Defendant shall claim the two children, issue of the marriage, as tax deductions as long as permitted by the Internal Revenue Code.
 10. Plaintiff shall pay defendant's attorney's fees in the amount of $6,000 within six months from date of judgment.
 11. Plaintiff shall retain his interest in his pension plan at United Technologies Corporation.
SO ORDERED.
Santos, J.